UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-474-H

CYNTHIA BOOKER                                                                                      PLAINTIFF

V.

EXPRESS SCRIPTS, INC.                                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff initially filed this sexual harassment lawsuit against her former employer, Express Scripts, Inc. ("ESI"), and her former supervisor, Ronald Allen. Shortly after the lawsuit was filed, Allen settled with Plaintiff. ESI consistently denied liability. At some point, perhaps at the suggestion of ESI's counsel, Plaintiff began settlement negotiations with Allen for a second time, this time seeking a settlement in exchange for a release of all claims against ESI. Apparently eager to move on from the lawsuit and its allegations, Allen paid Plaintiff in exchange for a release of all claims against Allen and ESI. Subsequently, and with ESI's consent, Plaintiff voluntarily dismissed all claims against ESI with prejudice. ESI, claiming that the voluntarily dismissal renders it a "prevailing party," now moves for an award of its taxable costs under Federal Rule of Civil Procedure 54.

Rule 54(d)(1) provides,

> **Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

(emphasis in original). Thus, the Court must make a two prong analysis: (1) is ESI a "prevailing party" and (2) should costs be allowed.

ESI argues that Plaintiff's dismissal of the action with prejudice is the equivalent to a judicial ruling in its favor and makes it the "prevailing party" in this action. In some circumstances, such a conclusion would be warranted. *See, e.g., Pavlovich v. National City Bank*, 461 F.3d 832, 835-36 (6th Cir. 2006) (finding that the district court did not abuse its discretion in determining that the defendant was a "prevailing party" after the plaintiff dismissed the case without prejudice following a judicial determination that another party was not liable, which had the effect of barring all claims against the dismissed defendant as a matter of res judicata).[1] However, the general rule includes an important caveat. "[*I*]*n cases not involving a settlement*, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party." *Cantrell v. Int'l Bhd. Of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995) (emphasis added). It is undisputed that this case was dismissed *pursuant to a settlement*. ESI argues that because it did not pay for the settlement, it remains a prevailing party. The Court disagrees. ESI has cited no case law with analogous facts, and the Court has found none. It would be unusual, indeed, to find ESI a prevailing party against Plaintiff where Plaintiff was actually paid to release its claims against ESI. The Sixth Circuit has previously cautioned, "had the district court looked only to the nominal subject of the injunction, rather than the real winner and loser on this point of contention, its prevailing party analysis would have been incomplete." *Knology, Inc. v. Insight*

---

[1] There appears to be some confusion in the Sixth Circuit regarding the proper standard of review for the Court's determination of prevailing party status. *See Pavlovich*, 461 F.3d at 836 (abuse of discretion); *Knology, Inc. v. Insight Communications Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006) ("[W]e review a district court's determination of prevailing party status under the clear error standard."); *DeLeon v. City of Ecorse*, 300 Fed. Appx. 380, 384 (6th Cir. 2008) (holding, in the area of statutory attorney fees, "We first review de novo the district court's legal determination of prevailing party status."). Regardless of the proper standard of review, this Court's analysis remains the same.

*Communications Co., L.P.*, 460 F.3d 722, 727 (6th Cir. 2006). When this Court looks to the real "winner and loser" in this case, not just the "nominal" order of dismissal, it is clear that Plaintiff achieved some success in her litigation by settling her claims against both ESI and Allen. Thus, ESI is not a prevailing party here.

Even were the Court to find that ESI achieved "prevailing party" status, the Court would deny costs in this case. Rule 54 "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Id.* at 726. In exercising that discretion, the Court considers "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id.* at 728 (quoting *Singleton v. Smith*, 241 F.3d 534, 539-40 (6th Cir. 2001)). All evidence indicates that Plaintiff tried this case in good faith, actually reaching a settlement on all her claims. While the case was not overly complicated, it is conceivable that ESI may bear some liability depending on the nature of Allen's position and his role in the company. On the other hand, it appears that ESI also defended the case in good faith. Weighing the factors, especially in light of the fact that Plaintiff achieved some recovery on her claims and tried the action in good faith, the Court determines that awarding costs to ESI under these circumstances would be unjust.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Express Scripts, Inc.'s Motion for Taxable Costs is DENIED.

cc: Counsel of Record